OPINION OF THE COURT
Lawrence E. Kahn, J.
Petitioners seek an order directing respondents to provide them with the names of employees, the departments for which they work and the number of sick time hours accumulated by each employee of each department of the City of Troy. Respondents have denied this request, citing as authority therefore section 87 (subd 2, pars [a], [b], [c], [g]) of the Public Officers Law.
Prior to the commencement of pending collective bargaining negotiations, the Troy City Manager, John P. Buckley, directed city departments to report on sick leave utilization by their respective employees. This information was ultimately gathered and computerized. Upon learning of its existence, petitioners sought to obtain same. In actuality, respondents have not denied access to the computer printout, but have supplied one which deletes the specific name of each individual employee and identifying personal details. Thus, petitioners have been granted access to the entire survey, as it applies to each city depart *111 ment, the amount of accumulative sick time utilized by each department and the individual personnel, respectively, albeit without identification of each particular employee’s actual sick record.
It is apparent that controversy surrounds certain benefits afforded to various departments of the city, particularly the police and fire departments, and the provisions of their collective bargaining agreements which allow utilization of unlimited sick leave. There have been several allegations of abuse of this policy and much debate as to the advisability for the continuation of same. Indeed, petitioners are correct when they assert that “the public does have a vital interest in knowing whether or not it is getting good value in terms of taxpayer dollars spent, for services performed by public employees.” This interest mandates that the public have access to information which has previously been provided. However, this interest will not be enhanced by publication of a list of the actual name of every employee and his or her sick leave utilized.
Section 87 (subd 2, par [b]) of the Freedom of Information Law (Public Officers Law, § 84 et seq.) authorizes an agency to withhold records or portions thereof when disclosure would result in an unwarranted invasion of personal privacy. The facts at bar fall squarely within this exception to disclosure as envisioned by the Legislature. Respondents have correctly balanced the right of the public to know with the right of innocent individuals to be protected from unwarranted intrusions into their personal lives. If a particular employee is believed to have abused provisions with regard to sick leave, the remedy is to be found in the contractual provisions of the collective bargaining agreement with respect to discipline and grievances relating thereto. No public interest is advanced by publishing a laundry list of names so that the newspaper can “ask the guy what was his problem.” A mass indictment of all city personnel by publication of a list of names and sick leave hours utilized, without any attempt to delineate justifiable sick leave from an abuse is abhorrent to all notions of fair play and serves no legitimate purpose other than to subject an employee’s reputation to conjecture and innuendo. The broad purposes of the Freedom of Information Law are *112 served by revealing the sick leave records without employee identification. Thereby, the public is able to know, inquire and seek accountability of its public officials in their collective bargaining negotiations.
The petition for an order directing respondents to supply petitioners with the specific names of each city employee of the City of Troy, and the number of sick hours he or she has accumulated, shall be dismissed.